UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGGETT C PHELPS,<br><br>    Plaintiff,<br><br>    v.<br><br>DAIRYLAND CAR INSURANCE, et al.,<br><br>    Defendants. | Case No. 24-cv-00671-TLT<br><br>**ORDER TO DISMISS CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On February 5, 2024, Plaintiff Briggett Phelps ("Plaintiff"), proceeding *pro se*, filed a complaint against Defendants Dairyland Car Insurance, Sentry Car Insurance, Halbert Lofton, Navato Police Department, San Rafael Police Department, and We Finance Cars Sales Santa Rosa (collectively, "Defendants"). *See* Pl. ['s] Compl. ("Compl."), ECF 1. Pursuant to federal law, district courts are of limited jurisdiction; as such, courts have an obligation to review jurisdiction on its own. Having considered the claims alleged, this Court **DISMISSES** the complaint for lack of subject matter jurisdiction.

**I.    FACTS**

Plaintiff alleged that Defendants committed fraud on an insurance claim, committed forgery, and damaged her personal property. Compl. 2,8. The following facts are taken from the complaint as true for the purposes of the subject matter jurisdiction analysis.

Plaintiff removed Defendant Lofton ("Lofton") from her car insurance policy on April 29, 2023. *Id.* at 3. Subsequently, Plaintiff received a new policy as customed when a policyholder updates their policy. *Id.* at 4. Lofton knew he was removed from the policy but still called Defendant Dairyland Car Insurance ("Dairyland") to submit a claim on May 9, 2023. *Id.* Dairyland processed the claim and printed a check in Plaintiff's name for $10,000. *Id.* Dairyland

sent the check to an address unknown to Plaintiff. Compl. 4. Lofton took the check to a car lot and forged Plaintiff's name. *Id.* Once Plaintiff found out about the check, she contacted Dairyland. *Id.* at 5. Dairyland claimed that the associate could not see the updated policy on his computer when he processed the claim for Lofton. *Id.* Dairyland refused to give Plaintiff the address to where DairyLand sent the check. *Id.* Plaintiff provided her signature to Dairyland as proof that she did not sign the document Lofton forged. *Id.* Defendant We Finance Cars told Plaintiff that they did not care about the alleged fraud. *Id.*

Moreover, Lofton stole a gas can from Plaintiff to distract her from her slashed tires. *Id.* at 5. Lofton frequently lied about the death of his daughter and drives while under the influence of alcohol. *Id.* at 6. Plaintiff previously told Lofton that he was not allowed to submit claims under her insurance. *Id.* Further, Plaintiff expressed that she is homeless, depressed, and stressed. *Id.* She claimed that the Navato and San Rafael Police Departments told Lofton to defraud Plaintiff. *Id.*

Throughout the complaint Plaintiff did not specify which laws Defendants allegedly violated. ECF 1. Plaintiff requests $10,000 for the fraudulent check and $2,000 for the forgery claim and damage to her car. ECF 1-1.

## II. STANDARD OF REVIEW

Under federal law, district courts are of limited jurisdiction and only have the power to adjudicate cases that have either "federal question jurisdiction" or "diversity jurisdiction." 28 U.S.C. §§ 1331, 1332(a). To have federal question jurisdiction, the claimant must demonstrate that the cause of action arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. To have diversity jurisdiction, the claimant must demonstrate that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Unless there is federal question jurisdiction or diversity jurisdiction, a federal court may not adjudicate the matter. 28 U.S.C. §§ 1331, 1332(a).

## III. DISCUSSION

### A. Federal Question Jurisdiction

Plaintiff claims that this Court has federal question jurisdiction over this matter. Compl. 2. "The district courts shall have original jurisdiction of all civil actions *arising under the*

1  *Constitution, laws, or treaties of the United States.*" 28 U.S.C. § 1331. Here, Plaintiff attempts to
2  prosecute a claim of "forgery" arising under the California Penal Code against Lofton.[1] Cal. Pen.
3  Code § 470. Plaintiff's "fraud on insurance claim" relies on facts that more precisely may give rise
4  to a common law "breach of contract" claim against Dairyland, a common law "conversion" claim
5  against Lofton, and "civil conspiracy to defraud" against Dairyland and Lofton. Compl. 1-8. These
6  causes of action do not precisely arise under federal law and are traditionally matters left to state
7  court. The pleadings fail to assert any federal question appropriately within this Court's
8  jurisdiction. 28 U.S.C. § 1331.

### B. Diversity Jurisdiction

Likewise, this Court does not have jurisdiction to adjudicate the matter via diversity jurisdiction. District courts have jurisdiction over all civil actions where there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, the Plaintiff does not meet the amount in controversy requirement, nor is there complete diversity between the Plaintiff and Defendants. 28 U.S.C. § 1332(a). The pleadings ask for $12,000 which fails to meet the amount in controversy requirement. Compl. 8. Further, there is not complete diversity of citizenship because Defendants Novato Police Department, San Rafael Police Department, We Finance Cars and Halbert Lofton are all domiciled in California; since Plaintiff is domiciled in California, there can be no diversity of citizenship.[2] *Id.* at 2. As such, the case fails to meet the requirements of diversity jurisdiction. 28 U.S.C. § 1332(a).

### IV. CONCLUSION

For a federal court to have subject matter jurisdiction, there must be either (1) a federal question, or (2) complete diversity of citizenship and an amount in controversy more than $75,000. 28 U.S.C. §§ 1331, 1332(a). This case is **DISMISSED** because it has neither. The

---

[1] A California state court, rather than a federal court, must decide whether there is a private cause of action under this California statute.
[2] In order to have "complete diversity," all Defendant's must have citizenship in states other than your own home state of California. Here, only Defendants Dairyland Insurance and Sentry Insurance is listed as having an address outside of California (Wisconsin).

3

Plaintiff may pursue filing this action in California state court if she chooses.

This Order resolves ECF 1.

**IT IS SO ORDERED.**

Dated: February 23, 2024

TRINA L. THOMPSON
United States District Judge